**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **MELVIN K. WASHINGTON,**<br><br>     *Plaintiff,*<br><br>**v.**<br><br> **CITY OF LAS VEGAS, a municipal entity;  DULA COMMUNITY CENTER EMPLOYEES 1 THROUGH [X], individually and in their official capacities;  CITY OF LAS VEGAS MARSHAL OFFICERS 1 THROUGH [X], individually and in their official capacities;  THE ANIMAL FOUNDATION, an entity;  ANIMAL PROTECTIVE SERVICES, an entity;**<br><br>     *Defendants*. | **Case No.: [TO BE ASSIGNED BY CLERK]**<br><br> **COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**<br><br> **(JURY TRIAL DEMANDED)**<br><br>**42 U.S.C. §§ 12101 et seq. 42 U.S.C. § 1983  42 U.S.C. § 12203** |

**I. INTRODUCTION**

This is a civil rights action brought by Plaintiff Melvin K. Washington, a qualified individual with a disability, against the City of Las Vegas and associated Defendants for unlawfully denying Plaintiff and Plaintiff's ADA-recognized service animal, Stan Lee, access to the Dula Community Center — a public facility operated by the City of Las Vegas — in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and 42 U.S.C. § 1983. Defendants' conduct violated Plaintiff's federally protected rights and deprived Plaintiff of equal access to public services on account of Plaintiff's disability.

In addition to the unlawful denial of access, Defendants further coordinated with animal control authorities, including The Animal Foundation and Animal Protective Services, to intimidate, retaliate against, and coerce Plaintiff in connection with Plaintiff's exercise of

ADA-protected rights, thereby compounding the harm suffered. Such coordinated retaliatory conduct constitutes an independent violation of 42 U.S.C. § 12203.

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages against the individual Defendants, reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and all other relief this Court deems just and proper.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 42 U.S.C. §§ 12101 et seq., and over Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983.

3. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because all events and omissions giving rise to Plaintiff's claims occurred within Clark County, Nevada, within this judicial district.

## III. PARTIES

4. Plaintiff **Melvin K WASHINGTON** is a natural person and a resident of Clark County, Nevada, residing at 2425 Courlan Dr., North Las Vegas, NV 89084. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12102 and is entitled to the full protections afforded by the ADA and the laws of the United States.

5. Plaintiff's service animal, **STAN LEE**, is a dog individually trained to perform specific tasks directly related to Plaintiff's disability, and therefore constitutes a "service animal" within the meaning of 28 C.F.R. § 35.104 and 28 C.F.R. § 36.104. Stan Lee is entitled to accompany Plaintiff in all areas where members of the public are allowed to go.

6. Defendant **CITY OF LAS VEGAS** is a municipal corporation organized and existing under the laws of the State of Nevada. The City of Las Vegas operates the Dula Community Center as a public entity subject to Title II of the ADA, 42 U.S.C. § 12132, and is a "person" amenable to suit under 42 U.S.C. § 1983 for unconstitutional policies, customs, and practices pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

7. Defendants **DULA COMMUNITY CENTER EMPLOYEES 1 THROUGH [X]** are individuals employed by and/or acting as agents of the City of Las Vegas who participated in the denial of access to Plaintiff and Stan Lee. These Defendants are sued in both their individual and official capacities. Their true identities are presently unknown to Plaintiff and will be substituted by amendment upon the completion of discovery.

8. Defendants **CITY OF LAS VEGAS MARSHAL OFFICERS 1 THROUGH [X]** are law enforcement officers employed by the City of Las Vegas who participated in the denial of Plaintiff's access and/or in subsequent retaliatory actions against Plaintiff. These Defendants are sued in both their individual and official capacities. Their true identities are presently unknown to Plaintiff and will be substituted by amendment upon the completion of discovery.

9. Defendant **THE ANIMAL FOUNDATION** is an entity operating within Clark County, Nevada, which participated in or facilitated adverse actions against Plaintiff's service animal, Stan Lee, in connection with the events described herein.

10. Defendant **ANIMAL PROTECTIVE SERVICES** is a governmental or quasi-governmental entity operating within Clark County, Nevada, which participated in or facilitated adverse actions against Plaintiff and/or Plaintiff's service animal, Stan Lee, in connection with the events described herein.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff Melvin K. Washington is a qualified individual with a disability who relies upon Stan Lee, a trained service animal, to assist with tasks directly related to Plaintiff's disability. Stan Lee is individually trained to perform specific work or tasks for Plaintiff as required under applicable federal regulations.

12. The Dula Community Center is a public facility owned and operated by the City of Las Vegas. As such, it constitutes a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is subject to the requirements of Title II of the ADA, including the obligation to permit service animals in all areas open to the general public.

13. Plaintiff, accompanied by Stan Lee, attempted to access the Dula Community Center for purposes for which that facility is open to members of the general public.

14. Upon Plaintiff's attempt to access the Dula Community Center, Defendants — including Dula Community Center Employees and/or City of Las Vegas Marshal Officers — denied Plaintiff and Stan Lee entry into the facility and/or required Plaintiff to remove Stan Lee from the premises as a condition of access.

15. In doing so, Defendants exceeded the permissible scope of inquiry established under federal law. Pursuant to 28 C.F.R. §§ 35.136(f) and 36.302(c)(6), staff of a public entity or place of public accommodation may ask only two questions when it is not readily apparent that a dog is a service animal: (1) whether the animal is a service animal required because of a disability; and (2) what work or task the dog has been trained to perform. Staff are expressly prohibited from requiring documentation, certification, identification cards, or proof of training as a condition of access.

16. Defendants violated these regulations by imposing requirements and/or conditions upon Plaintiff's access that are not permitted under federal law, and by ultimately denying Plaintiff and Stan Lee entry to the Dula Community Center.

17. Following, and in direct connection with, the denial of access described herein, Defendants coordinated with The Animal Foundation and/or Animal Protective Services to take adverse action against Plaintiff's service animal, Stan Lee. They then implemented a 10 day hold. This coordinated conduct was taken in response to Plaintiff's exercise of ADA-protected rights and constitutes unlawful retaliation within the meaning of 42 U.S.C. § 12203.

18. The actions of Defendants, acting individually and in concert, caused Plaintiff to suffer: (a) denial of access to a public facility; (b) humiliation and public embarrassment; (c) significant emotional distress; (d) deprivation of federally protected civil rights; and (e) harm to, and/or the threatened or actual removal of, Plaintiff's service animal, Stan Lee.

19. The policies, practices, and/or customs of Defendant City of Las Vegas — including the failure to adequately train personnel regarding ADA service animal requirements — reflect deliberate indifference to the known rights of individuals with disabilities and their service animals, and directly caused and/or contributed to the constitutional and statutory violations described herein.

## V. CAUSES OF ACTION

### COUNT I

### VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

### 42 U.S.C. § 12132; 28 C.F.R. § 35.136

### (AGAINST DEFENDANT CITY OF LAS VEGAS AND DULA COMMUNITY CENTER EMPLOYEES)

20. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

22. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. §§ 12102 and 12131(2).

23. The Dula Community Center is a service, program, and activity of a public entity — the City of Las Vegas — within the meaning of 42 U.S.C. § 12131(1).

24. Defendants denied Plaintiff the benefits of access to the Dula Community Center by reason of Plaintiff's disability — specifically, by refusing to permit Plaintiff to enter the facility with Plaintiff's ADA-recognized service animal, Stan Lee — in direct violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.136.

25. Defendants' actions reflect deliberate indifference to the known federal rights of individuals with disabilities who use service animals. *See Tennessee v. Lane*, 541 U.S. 509 (2004).

26. As a direct and proximate result of Defendants' violations, Plaintiff has suffered and continues to suffer injuries and damages as described herein.

## COUNT II

## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

## 42 U.S.C. § 12182; 28 C.F.R. § 36.302(C)

## (AGAINST ALL DEFENDANTS OPERATING OR MANAGING THE DULA COMMUNITY CENTER)

27. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

29. To the extent the Dula Community Center constitutes or operates as a place of public accommodation, Defendants operating or managing that facility are subject to the requirements of Title III of the ADA.

30. Federal regulations require that "[g]enerally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1). Staff are limited to only two permissible inquiries and may not require documentation. 28 C.F.R. § 36.302(c)(6).

31. By denying Plaintiff full and equal enjoyment of the Dula Community Center on the basis of Plaintiff's disability, and by failing to accommodate Plaintiff's use of service animal Stan Lee, Defendants violated 42 U.S.C. § 12182 and 28 C.F.R. § 36.302(c).

32. As a direct and proximate result of Defendants' violations, Plaintiff has suffered and continues to suffer injuries and damages as described herein.

## COUNT III

### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983

### (AGAINST DEFENDANT CITY OF LAS VEGAS AND INDIVIDUAL OFFICER/EMPLOYEE DEFENDANTS)

33. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. 42 U.S.C. § 1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage of any State, subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

35. At all times relevant to this Complaint, Defendants City of Las Vegas Marshal Officers and Dula Community Center Employees were acting under color of state law within the meaning of 42 U.S.C. § 1983.

36. In denying Plaintiff access to a public facility on account of Plaintiff's disability, and in retaliating against Plaintiff for exercising federally protected rights, Defendants deprived Plaintiff of rights secured by the ADA, the Equal Protection Clause, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

37. Defendant City of Las Vegas is liable for these deprivations pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), because the constitutional and statutory violations resulted from an official policy, practice, or custom of the City, including but not limited to: (a) the failure to adopt adequate policies regarding ADA service animal access; and/or (b) a custom or practice of deliberate indifference to the rights of individuals with disabilities, reflecting a failure to train municipal employees on federally mandated ADA requirements.

38. Individual Defendants — including Dula Community Center Employees 1 through [X] and City of Las Vegas Marshal Officers 1 through [X] — are individually liable under 42 U.S.C. § 1983 for their personal participation in the deprivation of Plaintiff's federally protected rights while acting under color of law.

39. As a direct and proximate result of Defendants' violations, Plaintiff has suffered and continues to suffer injuries and damages as described herein.

## COUNT IV

## RETALIATION IN VIOLATION OF 42 U.S.C. § 12203

## (AGAINST ALL DEFENDANTS)

40. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. 42 U.S.C. § 12203(a) provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

42. Plaintiff engaged in protected activity under the ADA by exercising Plaintiff's federally protected right to access a public facility accompanied by Plaintiff's service animal, Stan Lee, as guaranteed under 42 U.S.C. §§ 12132 and 12182 and their implementing regulations.

43. In direct response to Plaintiff's exercise of these protected rights, Defendants — acting individually and in concert — coordinated with The Animal Foundation and/or Animal Protective Services to take adverse action against Plaintiff and/or Plaintiff's service animal, Stan Lee. Such adverse action was designed to intimidate, coerce, and punish Plaintiff for asserting Plaintiff's federally guaranteed rights.

44. This retaliatory conduct constitutes a violation of 42 U.S.C. § 12203. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005) (recognizing the right to be free from retaliation for engaging in conduct protected by federal civil rights statutes).

45. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer injuries and damages as described herein, including but not

limited to emotional distress, deprivation of the use and companionship of Plaintiff's service animal, and the perpetuation of ongoing harm.

## VI. DAMAGES AND RELIEF REQUESTED

46. As a direct and proximate result of the acts and omissions of all Defendants as alleged herein, Plaintiff has suffered general and special damages in an amount of $13000000 to be proven at trial.

47. The individual Defendants acted willfully, maliciously, oppressively, and in reckless disregard of Plaintiff's clearly established federally protected rights, entitling Plaintiff to an award of punitive damages against those individual Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Melvin K. Washington respectfully prays that this Court enter judgment in Plaintiff's favor and against Defendants, and grant the following $13000000 relief:

**A. DECLARATORY RELIEF:** A judicial declaration that Defendants' actions, policies, practices, and/or customs as described herein violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and 42 U.S.C. § 1983;

**B. INJUNCTIVE RELIEF:** A permanent injunction: (i) enjoining Defendants and their agents, employees, and successors from denying access to any individual with a disability accompanied by a service animal at the Dula Community Center and all other public facilities owned or operated by the City of Las Vegas; and (ii) requiring Defendants to implement and provide mandatory ADA service animal training, consistent with 28 C.F.R. §§ 35.136 and

36.302(c), to all employees, agents, and officers whose duties involve interaction with members of the public;

**C. COMPENSATORY DAMAGES:** An award of compensatory damages for all actual harm suffered by Plaintiff as a result of Defendants' unlawful conduct, including but not limited to emotional distress, humiliation, loss of dignity, denial of access to public services, and all harm caused to and in connection with Plaintiff's service animal, Stan Lee, in an amount to be determined at trial;

**D. PUNITIVE DAMAGES:** An award of punitive damages against the individual Defendants for their willful, malicious, and reckless disregard of Plaintiff's federally protected civil rights, in an amount sufficient to punish such conduct and deter its future occurrence;

**E. COSTS AND FEES:** An award of reasonable costs of suit; Plaintiff proceeds Pro Se and expressly reserves all rights to recover costs, expenses, and fees to the full extent permitted under 42 U.S.C. § 1988 and any other applicable provision of law;

**F. SUCH OTHER AND FURTHER RELIEF** as this Court deems just, equitable, and proper under the circumstances.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Melvin K. Washington hereby demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

Date:

**Melvin K. Washington**

Pro Se Plaintiff

2424 Courlan Dr.

North Las Vegas, NV 89084

Email:goodboik93@gmail.com

Phone: (702)-9067491

---